```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION

ALEXANDER L. KAPLAN and DENISE A.
KAPLAN,

                      Petitioner,

vs.                                    Case No.  2:10-cv-208-FtM-29SPC

DIVOSTA HOMES, L.P.,

                      Respondent.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on Petitioner's Motion to Relieve the Circuit Court of Lee County of Jurisdiction in Rendering Discovery Rulings on Issues it Has Previously Declined to Consider, Vacating Orders of October 4, 2010 (Doc. #19) filed on October 5, 2010.  Plaintiffs request an expedited ruling because of time constraints resulting from the state court discovery order at issue.  That request is granted.

**I.**

The operative pleading in the case currently before the Court is a document deemed to be the Third Amended Petition To Compel Mediation and Arbitration and for Attorney's Fees and Costs.  (Doc. #14.)  Plaintiffs seek to compel Divosta Homes, L.P. (Divosta) to mediate and arbitrate in accordance with its contractual obligations.  Plaintiffs assert that Divosta has refused to do so because it is insisting upon certain discovery prior to beginning

the mediation/arbitration process, which is not a pre-condition of the contractual mediation/arbitration obligation.

The forerunner to the current federal case began as a three-count Complaint filed in state court in 2006 (Case No. 06-CA-4734). In that case, plaintiffs sued Divosta for rescission of a contract for the purchase of a house, fraud, and discrimination in the enforcement of covenants and restrictions. That case was removed to federal court by Divosta on November 16, 2006. (Case No. 2-06-cv-625, Docs. ## 1, 2.) In due course, plaintiffs were permitted to file an Amended Complaint (Case No. 2-06-cv-625, Doc. #17) which added a non-diverse defendant, and a Second Amended Complaint, which retained the non-diverse defendant and added a fourth count alleging a claim of personal injury against Divosta. (Case No. 2-06-cv-625, Doc. #24.) Plaintiff moved to remand the case to state court since there was no longer complete diversity of citizenship. (Case No. 2-06-cv-625, Doc. #18.) The Court granted the motion to remand on May 14, 2007, and jurisdiction was returned to the state Circuit Court. (Case No. 2-06-cv-625, Doc. #35.)

After the return to state court, the Circuit Court eventually issued an order compelling arbitration of the rescission and fraud claims, but denying arbitration on the discrimination as to the enforcement of covenants and restrictions and the personal injury claims. This decision was affirmed in a published opinion. <u>Kaplan v. Divosta Homes, L.P.</u>, 983 So. 2d 1208 (Fla. 2d DCA 2008).

The state case is currently proceeding in the state Circuit Court. Plaintiffs inform the Court that the state Circuit Judge has ruled he had no jurisdiction over the portion of the case relating to rescission and fraud, but on October 4, 2010 issued an order compelling petitioners to appear for depositions within twenty-one days to give testimony relating to the rescission and fraud claims. Petitioners ask the Court to: (1) relieve the state Circuit Court of jurisdiction to make discovery decisions as to the rescission and fraud claims; (2) enjoin the state Circuit Judge from exercising jurisdiction over such discovery matters; and (3) stay the October 4, 2010 ruling of the state Circuit Judge pending a ruling on plaintiff's motion. Implicitly, petitioners also seek to have the court vacate the Circuit Court's October 4, 2010 order or to excuse compliance with it.

**II.**

**A. State Court Jurisdiction**

The United States Supreme Court has cautioned courts to be more precise in the use of the term "jurisdiction." Union Pacific R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, 130 S. Ct. 584, 596 (2009). Jurisdiction generally refers to the "power to hear a case." Id. The jurisdiction of a Florida Circuit Court is governed by article V, section 5(b) of the Florida Constitution. The Court is aware of no authority which gives a federal district court the power to "relieve" a state

circuit court of part of its jurisdiction, and petitioners have pointed to none.

**B.  Injunction/Stay of State Court Proceedings**

A federal district court does have the authority, under circumscribed circumstances, to enjoin state court proceedings. The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).  The All Writs Act has been broadly construed, and writs may be issued to third persons who are not parties to the federal litigation.  United States v. New York Tel. Co., 434 U.S. 159, 174 (1977).

As to ongoing state court proceedings, this broad authority is tempered by the Anti-Injunction Act, 28 U.S.C. § 2283.  Section 2283 provides:  "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  The three exceptions are strictly construed. In re Bayshore Ford Truck Sales, Inc. 471 F.3d 1233, 1250 (11th Cir. 2006).  A district court's authority to enter an injunction under the All Writs Act and the Anti-Injunction Act "merges into a single question: Does the Injunction meet the requirements of an exception to the Anti-Injunction Act?"  Burr & Forman v. Blair, 470 F.3d 1019, 1030 (11th

Cir. 2006). If the answer is in the affirmative, a district court must still decide whether, in its sound discretion, to exercise that authority. <u>In re Bayshore Ford</u>, 471 F.3d at 1250; <u>Burr & Forman</u>, 470 F.3d at 1030 n.31; <u>Klay v. United Healthgroup, Inc.</u>, 376 F.3d 1092, 1096 (11th Cir. 2004).

**(1) Expressly Authorized by Act of Congress**:

Petitioners have not identified, and the Court has not found, any federal statute which would give a district court the authority to enjoin or stay a state court discovery order because the discovery also related to claims which are subject to arbitration.

**(2) Necessary in Aid of Jurisdiction**:

Courts have authority to issue injunctions predicated on the "necessary in aid of its jurisdiction" exception in essentially four situations: (1) where the district court has exclusive jurisdiction because the action had been removed from state court; (2) where the federal court in an *in rem* proceeding obtains jurisdiction over the *res* before the state court action involving the same *res* is brought; (3) where the context is roughly analogous to proceedings *in rem*; and (4) in complex multi-state litigation where necessary to protect and effectuate complicated judgments over which the federal court has retained jurisdiction. <u>In re Bayshore Ford</u>, 471 F.3d at 1250-53; <u>Burr & Forman</u>, 470 F.3d at 1028-29. It is well settled that this exception is not satisfied simply because the same claim is being pursued simultaneously in a

state court proceeding. Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 295 (1970)("[T]he state and federal courts had concurrent jurisdiction . . . and neither court was free to prevent either party from simultaneously pursuing claims in both courts."); Burr & Forman, 470 F.3d at 1029 ("Indeed, outside of those cases where an analogy can be drawn to in rem proceedings, the general rule remains . . . that an injunction cannot issue to restrain a state action in personam involving the same subject matter from going on at the same time.")(internal quotation marks and citation omitted); Klay, 376 F.3d at 1102-03 ("The simple fact that litigation involving the same issues is occurring concurrently in another forum does not sufficiently threaten the court's jurisdiction as to warrant an injunction under [the All Writs Act.]"); Carter v. Ogden Corp., 524 F.2d 74, 76 (5th Cir. 1975)("[A]n in personam action may proceed simultaneously in state and federal court and the federal court cannot enjoin the state action even if the federal suit was filed first.").

The Court finds that an order enjoining or staying the state court's discovery order is not necessary in aid of the Court's jurisdiction in this case. This case was not removed from state court, it is not an *in rem* proceeding or roughly analogous to an *in rem* proceeding, and does not involve complex, multi-state litigation in which the federal court has retained jurisdiction. Nothing about the state court's discovery order will interfere with

this Court's ability to rule on the Third Amended Petition in this case.

**(3) Protect or Effectuate Judgment:**

The third exception to the Anti-Injunction Act authorizes a federal court to issue an injunction to "protect or effectuate its judgments."  28 U.S.C. § 2283.  This exception is generally referred to as the "relitigation exception," and allows a federal court to prevent state litigation of an issue previously presented to and decided by a federal court.  In re Bayshore Ford, 471 F.3d at 1253.  This exception is not applicable because there was no prior decision by the federal court which is being impacted by the state court litigation.

The Court finds that it has no authority to interfere with the state court proceedings by granting any of the relief requested by petitioners.  Therefore the motion will be denied.

Accordingly, it is now

**ORDERED:**

Petitioner's Motion to Relieve the Circuit Court of Lee County of Jurisdiction in Rendering Discovery Rulings on Issues it has Previously Declined to Consider, Vacating Orders of October 4, 2010 (Doc. #19) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___7th___ day of October, 2010.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge