UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER L. KAPLAN and DENISE A. KAPLAN,

    Petitioner,

vs.                        Case No. 2:10-cv-208-FtM-29SPC

DIVOSTA HOMES, L.P.,

    Respondent.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Respondent's Motion to Dismiss Petitioners' Third Amended Petition To Compel Mediation and Arbitration and for Attorney's Fees and Costs (Doc. #15), filed on May 13, 2010. Petitioners' Affirmation in Opposition to Respondent's Motion to Dismiss (Doc. #17) was filed on May 18, 2010.

    Petitioners' Third Amended Petition To Compel Mediation and Arbitration seeks to compel Divosta Homes, L.P. (Divosta) to mediate and arbitrate in accordance with its contractual obligations. Petitioners assert that Divosta has refused to do so because it is insisting upon certain discovery prior to beginning the mediation/arbitration process, which is not a pre-condition of the contractual mediation/arbitration obligation. Respondent argues that the Third Amended Petition should be dismissed because the Court does not have jurisdiction, petitioners waived

jurisdiction, and/or the Court should abstain from the exercise of any jurisdiction it may have.

## I.

The forerunner to the current federal case began as a three-count Complaint filed in state court in 2006 (Case No. 06-CA-4734). In that case, plaintiffs sued Divosta for rescission of a contract for the purchase of a house, fraud, and discrimination in the enforcement of covenants and restrictions. That case was removed to federal court by Divosta on November 16, 2006. (Case No. 2-06-cv-625, Docs. ## 1, 2.) In due course, plaintiffs were permitted to file an Amended Complaint (Case No. 2-06-cv-625, Doc. #17) which added a non-diverse defendant, and a Second Amended Complaint, which retained the non-diverse defendant and added a fourth count alleging a claim of personal injury against Divosta. (Case No. 2-06-cv-625, Doc. #24.) Plaintiff moved to remand the case to state court since there was no longer complete diversity of citizenship. (Case No. 2-06-cv-625, Doc. #18.) The Court granted the motion to remand on May 14, 2007, and jurisdiction was returned to the state Circuit Court. (Case No. 2-06-cv-625, Doc. #35.)

After the return to state court, the Circuit Court eventually issued an order compelling arbitration of the rescission and fraud claims, but denying arbitration on the discrimination as to the enforcement of covenants and restrictions and the personal injury

claims. This decision was affirmed in a published opinion. <u>Kaplan v. Divosta Homes, L.P.</u>, 983 So. 2d 1208 (Fla. 2d DCA 2008).

The state case is currently proceeding in the state Circuit Court. Petitioners inform the Court that the state Circuit Judge has ruled he had no jurisdiction over the portion of the case relating to rescission and fraud. In this federal action the parties point the finger at one another as to why the mediation/arbitration process has not begun despite the orders of the state courts. Petitioners ask this Court to compel the mediation/arbitration process to begin.

**II.**

The Court rejects Divosta's argument that it lacks subject matter jurisdiction. Although it took a while, the Third Amended Complaint sufficiently alleges federal jurisdiction based upon complete diversity of citizenship.

The Court also rejects Divosta's argument that petitioners waived federal jurisdiction by having the underlying case remanded to state court. Once petitioners were permitted to file amended complaints in the underlying case with a non-diverse party, the only option was to remand the case to state court. 28 U.S.C. § 1447(e). This is not a waiver of federal jurisdiction as to the current matter.

Divosta also asks the Court to abstain from exercising its jurisdiction because of the ongoing parallel state court

proceeding. It is well settled that abstention is the exception, not the rule, and that a federal court has a virtually unflagging duty to adjudicate claims within its jurisdiction. New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 368 (1989) (citations omitted); Green v. Jefferson County Comm'n, 563 F.3d 1243, 1245 (11th Cir. 2009). It does not appear that the pendency of the ongoing state court proceeding would fall within any of the abstention exceptions. As in Green, however, the record clearly establishes that petitioners' effort to compel mediation/arbitration in federal court is barred by *res judicata*.

As noted above, the state Circuit Court entered an order compelling mediation/arbitration as to the rescission and fraud claims, and denying mediation/arbitration as to the two other claims. Both sides appealed, and the Florida district court of appeals affirmed the trial court's ruling. Kaplan, 983 So. 2d 1208. The issue of whether mediation/arbitration is required has therefore been decided by a final judgment of the state courts. "Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must give preclusive effect to a state court judgment to the same extent as would courts of the state in which the judgment was entered." Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1331 (11th Cir. 2010)(internal quotation marks and citation omitted). The essential elements of issue preclusion under Florida *res judicata* law are "that the parties and issues be identical, and

that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction." Id. at 1332. All these elements are satisfied as to the issue of compelling mediation/arbitration under the contract at issue in this case. This requires dismissal of the federal case seeking the same determination. Green, 563 F.3d at 1245.

What the parties are actually quarreling about is the enforcement of the state courts' orders. The Florida appellate court determined that the arbitration provision in this case is governed by the Federal Arbitration Act (FAA). Kaplan, 983 So. 2d at 1210. Under the FAA, a court which compels arbitration retains jurisdiction to confirm or vacate the resulting arbitration award. 9 U.S.C. §§ 9-10; Transouth Fin. Corp. v. Bell, 149 F.3d 1292, 1297 (11th Cir. 1998); see also Ocala Breeders' Sales Co. v. Brunetti, 567 So. 2d 490, 492 (Fla. 3d DCA 1990). Since the state court has compelled arbitration, there is no basis for a federal court to interfere with its orders or jurisdiction. If the state trial court makes erroneous rulings in connection with the arbitration it has compelled, petitioners' relief is with the state appellate courts, not a federal district court.

Accordingly, it is now

**ORDERED:**

Respondent's Motion to Dismiss Petitioners' Third Amended Petition To Compel Mediation and Arbitration and for Attorney's Fees and Costs (Doc. #15) is **GRANTED,** and the Third Amended Petition is **DISMISSED.**  The Clerk of the Court shall enter judgment accordingly, terminate all pending deadleins, and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __7th__ day of October, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record